IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00469-NYW

MICHAEL T. MCCULLON,

    Plaintiff,

v.

D. PARRY, *Correctional Officer*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Michael T. McCullon's ("Plaintiff" or "Mr. McCullon") "Dispositive Motion" (the "Motion for Summary Judgment" or "Motion"), filed June 19, 2019. [#95]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated July 23, 2018 [#39] and concludes oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and the entire record, the court **DENIES** the Motion for Summary Judgment and **ORDERS** the appointment of pro bono counsel on Mr. McCullon's behalf.

## LEGAL STANDARD

    Pursuant to Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189,

1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). And the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

In applying this legal principle, the court is mindful of the liberal construction afforded to Mr. McCullon's papers even at summary judgment. *See Firstenberg v. City of Santa Fe, New Mexico*, 696 F.3d 1018, 1024 (10th Cir. 2012). But the court cannot and does not act as Mr. McCullon's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and applies the same substantive law to Mr. McCullon as a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).

## ANALYSIS

I.      **Plaintiff's Motion for Summary Judgment**

   A.      **Material Facts**

The court draws the following material facts from the record before the court. As will be seen, genuine disputes of material facts exist, rendering summary judgment inappropriate.

   1.      Mr. McCullon is a prisoner currently incarcerated at the Federal Bureau of Prison's United States Penitentiary Florence, Administrative Maximum Facility ("ADX"), located in Fremont, Colorado. *See* [#1 at 2].[1]

---

[1] At summary judgment courts may construe a pro se plaintiff's verified complaint as an affidavit pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure if the verified complaint is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated. *See Pipkins v. Taillon*, No. 12-cv-02275-REB-KLM, 2014 WL 4197945, at *4 (D. Colo. Aug. 25, 2014).

2. At all times relevant to this action, Defendant D. Parry ("Defendant" or "Officer Parry") was a correctional officer at ADX. *See* [#1 at 2; #70 at 3; #91 at 3].

3. On March 15, 2017, Officer Parry delivered a breakfast tray to Mr. McCullon's cell. *See* [#1 at 3, 6; #70 at 1-2; #91 at 1-2; #95 at 10, 13; #98-1 at 27:11-14,[2] 28:22-24].

4. Later that day, Officer Parry returned to Mr. McCullon's cell to retrieve the breakfast tray, but Defendant refused to accept the tray when Mr. McCullon attempted to return it because there was trash remaining on the tray. *See* [#1 at 3-4, 6; #70 at 1; #91 at 1; #98-1 at 28:24-29:3].

5. Officer Parry returned twice more to Mr. McCullon's cell to retrieve the breakfast tray but did not take it because Mr. McCullon refused to remove the trash. *See* [#98-1 at 31:16-25, 33:10-34:4, 37:16-21].

6. At some point Defendant threw the trash from Mr. McCullon's tray back into Mr. McCullon's cell, and so Mr. McCullon grabbed the tray and refused to give it to Officer Parry despite the orders to do so. *See* [#1 at 4; #70 at 1-3; #91 at 1-3; #92 at 2, 3; #98-1 at 30:18-22, 31:2-4, 31:16-25, 32:1-3, 34:16-17, 35:16-25, 36:6-13, 37:7-13, 42:10-21, 46:12-16, 64:11-21].

7. The Parties dispute what happened next:

According to Plaintiff, he believed his refusal to surrender the food trays would result in an incident report and a punishment of "brown sack meal for seven days," but this never occurred, *see* [#95 at 42; #98-1 at 32:5-13]; indeed, Officer Parry attested that prisoners generally do not receive incident reports for refusing to surrender food trays, *see* [#92 at 1]. So Plaintiff turned to walk back into his cell, believing Officer Parry had left. *See* [#98-1 at 34:13-35:8, 42:22-43:2].

---

[2] When citing to a transcript, the court cites to the document number generated by the Electronic Court Filing ("ECF") system, but the page and line number generated by the transcript.

3

Defendant recounts a different and inconsistent series of events. According to Defendant's Incident Report, Plaintiff attempted to assault Officer Parry on two separate occasions—one when Plaintiff grabbed the breakfast tray from Officer Parry and one when Plaintiff ran towards the bars of his cell "with a container full of an unknown fluid." [#95 at 10, 13]. Plaintiff steadfastly denies ever running towards the bars of his cell "with a container full of an unknown fluid," *see* [#95 at 13; #98-1 at 39:11-20, 43:3-5, 45:1-4, 45:7-19, 46:7-9], and Officer Parry later recanted this assertion (though he maintained that Plaintiff assaulted him when Plaintiff grabbed the breakfast tray). *See* [#70 at 1-3; #91 at 1-3; #92 at 1, 3]. Officer Parry instead attested that he witnessed Plaintiff attempting to destroy the fire suppressant system in the cell, *see* [#70 at 2, 3; #91 at 2, 3; #92 at 3]—a point Mr. McCullon adamantly denies,[3] *see* [#98-1 at 38:24-39:10, 43:2-14, 63:2-11].

8.  Nevertheless, it is undisputed that Officer Parry returned to Mr. McCullon's cell and sprayed Mr. McCullon with pepper spray directly to the face. *See* [#1 at 4; #98-1 at 35:7-13, 39:11-13, 44:3-9, 44:16-17, 45:25-46:5, 48:16-21, 56:13-24].

9.  Plaintiff testified that ADX personnel attempted to shower Plaintiff after being pepper sprayed but the water was too hot and only exacerbated Mr. McCullon's injuries, *see* [#98-1 at 50:18-51:14]; Plaintiff also submitted a medical request because for three days his eyes and lungs burned and he was bleeding from the nose and when he coughed, but he did not receive treatment at that time, *see* [#95 at 40-41; #98-1 at 52:21-54:7, 54:22-24].

10. Defendant submitted an Incident Report dated March 15, 2017, wherein he attributes the use of pepper spray to Plaintiff "running towards the bars with a container full of an

---

[3] Mr. McCullon testified, however, that he attempted to break a fire suppressant system in a different Federal Bureau of Prisons facility. *See, e.g.*, [#98-1 at 18:6-19:4].

4

unknown liquid," [#95 at 10], but the Discipline Hearing Officer Report expunged the Incident Report and found no prohibited act occurred because of conflicts with the evidence, which included video footage[4] of the altercation and staff memorandums, *see* [*id.* at 22-23].

11. Believing Officer Parry violated his Eighth Amendment rights to be free from cruel and unusual punishment, Plaintiff initiated this action by filing his pro se Complaint on February 23, 2018, requesting $25,000 in compensatory damages, $25,000 in punitive damages, and declaratory relief, *see generally* [#1]; the Honorable Gordon P. Gallagher granted Mr. McCullon leave to proceed *in forma pauperis*, [#4].

12. On November 30, 2018, the court denied Officer Parry's Motion to Dismiss as to Plaintiff's Eighth Amendment claim for excessive force but dismissed Mr. McCullon's purported Eighth Amendment deliberate indifference claim. *See* [#53].

13. The Parties proceeded through discovery on the excessive force claim, and Plaintiff filed the instant Motion for Summary Judgment on his excessive force claim on June 19, 2019. *See* [#95].

**B.     Claim 1 – Excessive Force**

"Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment—all depending on where the [plaintiff] finds himself in the criminal justice system— and each carries with it a very different legal test." *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010). Relevant here, claims of excessive force involving convicted prisoners arise under the Eighth Amendment cruel and unusual punishment clause. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014). The inquiry focuses on "whether force was applied in a good-faith

---

[4] It appears Mr. McCullon received a copy of the video footage from the March 15 altercation, *see* [#100], but neither Party has provided the video footage to the court for review.

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Serna v. Colorado Dep't of Corrs.*, 455 F.3d 1146, 1152 (10th Cir. 2006) (internal quotation marks and citation omitted). Mr. McCullon must therefore prove (1) the force used was objectively harmful, such that it violated his constitutional rights and (2) Defendant acted with a sufficiently culpable state of mind. *See Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).

Mr. McCullon moves for summary judgment as to his excessive force claim because Officer Parry had no legitimate penological reason for pepper spraying Plaintiff. According to Plaintiff, this is evidenced by the falsified the Incident Report (which indicated Plaintiff ran towards the bars of his cell with an unknown liquid) and the lack of evidence corroborating Defendant's later assertions that Plaintiff attempted to destroy the fire suppressant system. Plaintiff argues that the undisputed evidence merits the entry of summary judgment in his favor.

Defendant opposes Plaintiff's Motion for Summary Judgment.[5] He argues that the evidence does not support Mr. McCullon's assertions that Defendant falsified the Incident Report, and Defendant points to his acknowledgement that he made a typographical error on the Incident Report. Further, Defendant refutes the suggestion that his conduct constituted excessive force because Plaintiff admitted in his deposition that he escalated the tension between Plaintiff and

---

[5] In addition, Defendant seeks summary judgment in his favor in his Response. *See* [#98]. But D.C.COLO.LCivR 7.1(d) prohibits the inclusion of a motion in a party's Response. Moreover, the court set June 17, 2019 as the deadline for dispositive motions, *see* [#76], rendering Defendant's Motion for Summary Judgment untimely given that he filed his Response on July 2, 2019, and he did not seek or receive leave to file a dispositive motion out of time. Further, the issue of whether Mr. McCullon can provide enough evidence to support his claimed damages at trial is not dispositive for purposes of summary judgment. Indeed, an award of nominal damages is "mandatory upon a finding of a constitutional violation," and "punitive damages may be recovered for constitutional violations without a showing of compensable injury." *Searles v. Van Bebber*, 251 F.3d 869, 878-81 (10th Cir. 2001). Accordingly, the court considers Defendant's filing as his Response to Plaintiff's Motion for Summary Judgment only.

Defendant. *See* [#98 at 3-8]. Defendant also argues he used the requisite amount of force necessary under the circumstances. *See* [*id.* at 8].

"Pepper spray is an instrument with which prison officers wield their authority, or force, and thus its use implicates the excessive use of force." *DeSpain v. Uphoff*, 264 F. 3d 965, 978 (10th Cir. 2001). To satisfy the objective component of the analysis, Mr. McCullon must show that "the use of the pepper spray was objectively harmful enough to establish a constitutional violation." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). For purposes of the instant Motion it appears undisputed that pepper spraying Mr. McCullon was objectively harmful. *See Norton v. City of Marietta*, 432 F.3d 1145, 1154 (10th Cir. 2005) (explaining that pepper spray is objectively harmful when sprayed for an excessive amount of time or if the defendant does not "adequately irrigate" a prisoner afterwards).

But Mr. McCullon must also prove that Officer Parry acted with "a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). A court will find that an officer's conduct constitutes a use of force used maliciously and sadistically for the very purpose of causing harm "where no legitimate penological purpose can be inferred from" the conduct. *DeSpain*, 264 F.3d at 978 (quoting *Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999). On this point, there exists a genuine dispute of material fact, as the evidence in the record (relied on by both Parties) offers varying and inconsistent accounts of the events leading to Officer Parry pepper spraying Mr. McCullon. And it is not the court's role at summary judgment to weigh the evidence or to make credibility determinations. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008).[6] Thus, I **DENY** Plaintiff's Motion for Summary Judgment.

---

[6] Plaintiff argues in his Reply that Defendant improperly relies on hearsay evidence. *See* [#102 at 2-3, 6]. While Plaintiff is correct that the court should not consider objectionable hearsay on summary judgment, *see Johnson v. Weld Cty. Colo.*, 594 F.3d 1202, 1209 (10th Cir. 2010), it is

7

## II. Order Appointing Counsel

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (*citing Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (providing factors that the court should consider in determining whether to appoint pro bono counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

Based on the court's conclusion above, I find it appropriate under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) to seek appointment of pro bono counsel given that this matter is now moving to trial. Accordingly, this Memorandum Opinion and Order will serve as an Order of Appointment authorizing appointment of a member of the Civil Pro Bono Panel to represent Mr. McCullon and directing the clerk to select an attorney who has relevant subject matter preference or expertise.

---

also true that the evidence need not be in a form that is admissible at trial so long as the substance is admissible at trial, *see Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016), and Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure allows Parties to support factual positions with interrogatory answers. Thus, the court finds no reason to strike or disregard Defendant's evidence.

**To be clear, an Order of Appointment does not guarantee counsel for Mr. McCullon. Rather, the Order directs the Clerk of the Court to seek counsel to represent Mr. McCullon. If after four attempts, the clerk is unable to select a member of the Panel who is available and willing to accept appointment, the clerk shall notify the judicial officer who entered the Appointment Order of the unavailability of counsel. D.C.COLO.LAttyR 15(f)(2)(E). Until and unless counsel is appointed for Plaintiff, Plaintiff must continue to respond to the court's orders and follow the governing Rules of this court, including the Federal Rules of Civil Procedure and the Local Rules of Practice.**

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment [#95] is **DENIED**;

(2) This Memorandum Opinion and Order will serve as an **ORDER OF APPOINTMENT**, authorizing the appointment of counsel for Mr. McCullon and directing the Clerk of the Court to seek such counsel from the court's Civil Pro Bono Panel in accordance with D.C.COLO.LAttyR 15(f);

(3) A Status Conference is **SET** for **December 3, 2019** at **11:00 a.m. <u>Plaintiff's case manager shall contact chambers at (303) 335-2600 at the designated time in order for Plaintiff to participate in the hearing</u>**; and

(4) A copy of this Memorandum Opinion and Order is to be sent to:

> Michael Tyrone McCullon #71774-004
> FLORENCE ADMAX
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> PO BOX 8500
> FLORENCE, CO 81226

9

DATED: September 24, 2019                    BY THE COURT:

                                             _____
                                             Nina Y. Wang
                                             United States Magistrate Judge