IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00469-NYW

MICHAEL TYRONE MCCULLON,

      Plaintiff,

v.

DANIEL PARRY,

      Defendant.

---

## ORDER ON MOTION FOR RECONSIDERATION

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendant Daniel Parry's ("Defendant" or "Officer Parry") Opposed Motion for Partial Reconsideration of the Court's Order on Motion to Dismiss (DOC. #53) (the "Motion for Reconsideration" or "Motion"), filed January 29, 2021. [#149]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes. *See* [#39]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having carefully considered the Motion and associated briefing, the applicable case law, and being fully advised in its premise, the court **GRANTS IN PART and DENIES IN PART** the Motion for Reconsideration.

## BACKGROUND

      The court has discussed the background of this matter in its prior Memoranda Opinion and Orders, *see* [#53; #103], and therefore limits its discussion to only those facts most salient to the instant Motion. On or about March 15, 2017, Plaintiff Michael Tyrone McCullon ("Plaintiff" or "Mr. McCullon"), an inmate at the Federal Bureau of Prison's ("BOP") United States Penitentiary Florence, Administrative Maximum Facility, was involved in an altercation with Officer Parry that

resulted in Officer Parry spraying Mr. McCullon with pepper spray directly to the face.  *See* [#103 at 2-4].  Believing Officer Parry violated his Eighth Amendment rights to be free from cruel and unusual punishment, Plaintiff initiated this suit by filing his pro se prisoner Complaint on February 23, 2018.  [#1].

On July 19, 2018, Officer Parry, while proceeding pro se, filed a Motion to Dismiss, arguing qualified immunity shielded him from liability in this matter.  [#37].  The court denied the Motion to Dismiss on November 30, 2018.  [#53].  In doing so, the court began with a discussion of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396-97 (1971), wherein the Supreme Court of the United States held that an individual may seek monetary damages from a federal official in her individual capacity for alleged constitutional violations.  [*Id.* at 6].  While recognizing that the Supreme Court has extended *Bivens* remedies to only a handful of constitutional violations, the court explained that the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has held that a federal prisoner may assert a *Bivens* claim for alleged violations of his Eighth Amendment rights.  [*Id.* (citing *Smith v. United States*, 561 F.3d 1090, 1099-1103 (10th Cir. 2009)].  Under this framework, the court concluded Mr. McCullon plausibly alleged an Eighth Amendment excessive force claim against Officer Parry, and that Officer Parry's conduct violated clearly established law.  *See* [*id.* at 9-13].  The court, however, did not explicitly address the viability of the theory of excessive force under the Eighth Amendment.  [*Id.*].  Accordingly, the court denied the Motion to Dismiss, leaving a single claim for a violation of the Eighth Amendment against Officer Parry based on excessive force.[1]

[1] The court also *sua sponte* dismissed Mr. McCullon's alleged Eighth Amendment deliberate indifference claim because it was clear Mr. McCullon's pleading did not plausibly allege such a claim.  [#53 at 13-17].  Neither party challenges that ruling, and Mr. McCullon never sought to amend his operative pleading to re-assert a deliberate indifference claim.  Nor did Mr. McCullon sue the United States at any time under the Federal Tort Claims Act.  [#1].

Both Parties proceeded with pretrial discovery on a pro se basis until attorney Steven Louis Hill, Jr. ("Mr. Hill") entered his appearance on behalf of Defendant on February 4, 2019. [#62]. Over the next several months, the Parties proceeded through discovery. At no point during discovery did Officer Parry request that the court reconsider its Order on the Motion to Dismiss.

Then, on June 19, 2019, Mr. McCullon filed his "Dispositive Motion" requesting summary judgment in his favor on his Eighth Amendment excessive force claim. [#95]. In his Response, Officer Parry did not assert qualified immunity or argue that a *Bivens* remedy was unavailable for Eighth Amendment excessive force claims; rather, he argued the force used was not excessive but reasonable and that Mr. McCullon put forth no evidence to establish his requested damages. *See* [#98]. On September 24, 2019, the court denied Mr. McCullon's "Dispositive Motion," holding genuine disputes of material fact existed regarding the events leading up to Officer Parry's use of force, thereby precluding a finding that Mr. McCullon was entitled to summary judgment on his excessive force claim. *See* [#103 at 7]. By that Memorandum Opinion and Order, the court appointed Mr. McCullon pro bono counsel, *see* [*id.* at 7-8], who entered their appearance on February 25, 2020, *see* [#120; #121].

Following entry of appearance of pro bono counsel for Mr. McCullon, the court conducted a Status Conference with the Parties and addressed several outstanding discovery issues raised by counsel and set a Final Pretrial Conference for May 18, 2020. *See* [#122]. On March 12, 2020, the Parties informed the court that they were exploring the possibility of resolving this civil action through mediation, prompting the court to administratively close the matter, subject to reopening for good cause, pending mediation. *See* [#123]. Given a divergence of opinion regarding settlement, Mr. Hill moved to withdraw from representing Officer Parry, [#127]; the court granted the Motion to Withdraw and granted Officer Parry's Motion for Appointment of Pro Bono Counsel

on May 13, 2020, [#132].  Pro bono counsel entered their appearance on behalf of Defendant on August 28, 2020.  [#139; #140].

On September 9, 2020, the court lifted the administrative closure and reopened this case. [#143].  The court then reopened discovery for limited purposes identified by the Parties, including a deposition of Defendant and the designation of a single affirmative and rebuttal expert.  *See* [#148].  The court has since extended discovery to April 2, 2021 for the sole purpose of completing two outstanding depositions identified by the Parties; reset the Final Pretrial Conference for May 21, 2021; and set a three-day jury trial to commence on August 23, 2021.  *See* [#153].

Presently before the court is Officer Parry's Motion for Reconsideration.  [#149].  Officer Parry moves for the court to reconsider its November 30, 2018 Memorandum Opinion and Order denying the Motion to Dismiss, arguing it was clear error for the court to implicitly extend a *Bivens* remedy to Plaintiff's excessive force claim and thus the court must reconsider its decision and find otherwise.  *See generally* [*id.*; #154].  Officer Parry also moves for the court to dismiss Mr. McCullon's request for declaratory relief for lack of subject matter jurisdiction because Mr. McCullon requests a declaration that Officer Parry violated Mr. McCullon's constitutional rights in the past.  [#149 at 11-12].  Mr. McCullon opposes the Motion, arguing the Motion to Reconsider is untimely, there was no need for the court to *sua sponte* consider whether a *Bivens* remedy existed for Plaintiff's excessive force claim, and there is no reason not to extend such a remedy to Plaintiff's excessive force claim.  [#151].  Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration.  *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  Yet, courts retain discretion to consider their interlocutory orders at any time prior to entry of final judgment.  *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008); Fed. R. Civ. P. 54(b).  Though the court is not bound by the stricter standards set forth in Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure for such motions, the court may utilize those standards in evaluating a motion for reconsideration.  *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007).  Generally, a motion for reconsideration is appropriate only if there is:

1. an intervening change in controlling law,

2. new evidence that was previously unavailable, or

3. a need to correct clear error or prevent manifest injustice.

*Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); *accord Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (explaining that motions for reconsideration are appropriate when the court misapprehends the facts, a party's position, or the controlling law).  Motions for reconsideration, however, are not an appropriate tool for revisiting issues already addressed or for asserting arguments that the movant could have asserted earlier but did not.  *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020).

## ANALYSIS

### I.   Whether the Motion to Reconsider is Timely or Otherwise Appropriate

In opposing the Motion for Reconsideration, Mr. McCullon argues first that the court should deny the Motion for its untimeliness (over two years after the court denied the Motion to

Dismiss).  [#151 at 2-4].  Second, he argues the court was under no obligation to consider *sua sponte* whether a *Bivens* remedy existed for Plaintiff's excessive force claim and doing so now on the Motion for Reconsideration is inappropriate.  [*Id.* at 5-6].  Respectfully, the court concludes that neither reason justifies denying the Motion for Reconsideration outright.

Regarding timeliness, Officer Parry is correct that the court may revisit its non-final orders at any time prior to entry of final judgment.  *See Fye*, 516 F.3d at 1224 n.2.  But Defendant offers no explanation for why he waited over two years to challenge the court's ruling on the Motion to Dismiss; did not challenge it upon entry of his own selected counsel, Mr. Hill; and waited approximately six months since pro bono counsel entered their appearance on his behalf.

In addition, absent contrary authority from the Tenth Circuit or this District, this court is persuaded that it had no obligation to *sua sponte* raise or consider the issue as currently framed. In *Hicks v. Ferreyra*, 965 F.3d 302 (4th Cir. 2020), the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") made clear that the district court need not *sua sponte* consider whether a *Bivens* remedy existed for the plaintiff's Fourth Amendment claim when the defendants never raised the argument.  *Id.* at 309-10.  This was because, unlike issues of subject matter jurisdiction, which the court or parties may raise at any time, "the availability of a *Bivens* cause of action . . . is not an issue that implicates a court's subject-matter jurisdiction."  *Id.* at 310.  The Fourth Circuit held that the defendants waived their *Bivens* arguments because they never raised them before the district court and only raised them for the first time on appeal and no exceptional circumstances existed that would excuse the defendants' failure.  *See id.* at 310-11.[2]

_____

[2] The Fourth Circuit found no "denial of fundamental justice" in enforcing this waiver because "courts regularly apply *Bivens* to Fourth Amendment claims arising from police traffic stops like this one."  *Hicks v. Ferreyra*, 965 F.3d 302, 311 (4th Cir. 2020) (collecting cases).

But the circumstances here are different. Because Officer Parry moves for the court to reconsider its non-final order on the Motion to Dismiss and has done so on the basis that the court erred in applying the law controlling the extension of *Bivens* remedies, this court declines to find that Officer Parry has waived, for all purposes, his ability to raise the issue in this action. *See Vreeland v. Zupan*, 906 F.3d 866, 875-76 (10th Cir. 2018) (explaining that waiver refers to the intentional or voluntary abandonment of a known right, either expressly or impliedly, whereas forfeiture refers to the inadvertent or unintentional loss of a right). And while there is adequate basis to deny Defendant Parry's Motion for Reconsideration as untimely given the undisputed circumstances and the lack of explanation as to Defendant's diligence given his prior representation by counsel, having found no waiver, this court finds that it is more efficient to address the substantive issue at this time instead of waiting for trial pursuant to Rule 50 of the Federal Rules of Civil Procedure or otherwise. *See* Fed. R. Civ. P. 1; *see also Equal Employment Opportunity Comm'n v. CollegeAmerica Denver, Inc.*, No. 14-CV-01232-LTB-MJW, 2015 WL 6437863, at *2 (D. Colo. Oct. 23, 2015) (denying the motion for reconsideration as untimely but considering the merits given "the absence of Tenth Circuit authority recognizing such a denial as an appropriate exercise of [the court's] discretionary authority under Rule 54(b)").

## II.     Whether the Court Should Extend *Bivens* to Plaintiff's Excessive Force Claim

As Officer Parry asserts, the court has arguably decided that a *Bivens* remedy exists in this matter, and so the Motion for Reconsideration presumably asks the court to reconsider an issue already decided or one that could have been considered earlier. But I now expressly consider whether a *Bivens* remedy to Mr. McCullon's excessive force claim is appropriate.

This court starts its analysis at the beginning with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court established that

an individual may seek monetary damages from a federal official in his or her individual capacity for an alleged violation of the Fourth Amendment's prohibition on unreasonable search and seizure, even in the absence of statutory authority. *Id*. at 396-97. Though not the focus of the opinion, *Bivens* also included allegations of unreasonable force. *See id.* at 389; *see also Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1195 (10th Cir. 2001) (interpreting *Bivens* as holding "that officers may be held liable in damages for violating persons' Fourth Amendment rights, including the use of unreasonable force."). The *Bivens* Court rejected the proposition that the Fourth Amendment was not an independent limitation upon the exercise of federal power and observed "[t]hat damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials should hardly seem a surprising proposition." *Id.* at 394, 395. In doing so, the Supreme Court found that the case presented no special factors counseling hesitation in the absence of affirmative action by Congress. *Id.* at 396.

As jurisprudence developed, it became clear that *Bivens* was not co-extensive to 42 U.S.C. § 1983, which provides an avenue for a plaintiff to address constitutional violations perpetuated by state actors.[3] The Supreme Court has limited the applicability of *Bivens* to only a handful of constitutional violations. *See, e.g.*, *Bivens*, 403 U.S. at 396 (providing a *Bivens* remedy for violations under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (providing a *Bivens* remedy for gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 18-21 (1980) (providing a *Bivens* remedy for failure to

---

[3] Section 1983 has been extended to private actors in certain circumstances as well. *See, e.g., Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 934 (1982) (holding that private actors may be liable under § 1983 when the action is fairly attributable to the State); *Wittner v. Banner Health,* 720 F.3d 770, 777 (10th Cir. 2013) (observing that a private actor can be transformed into a state actor under the "joint action" test, in which a court inquires whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights).

provide adequate medical treatment under the Eighth Amendment Cruel and Unusual Punishments Clause).  Given concerns regarding the separation of powers between the legislative and judicial branches of government, the Supreme Court has cautioned lower courts not to imply causes of action under *Bivens* where no statutory authority exists, explaining such a task is better fit for Congress.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856-57 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.").

In exercising this caution, the Supreme Court has articulated two questions that the court must address before implying a *Bivens* remedy for a claim not captured by *Bivens*, *Davis*, or *Carlson*.  First, the court must determine whether the claim arises in a new context, which broadly encompasses any claims "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."  *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotations omitted).  If so, the court must determine second whether "there are special factors counselling hesitation in the absence of affirmative action by Congress."  *Ziglar*, 137 S. Ct. at 1857 (internal quotations omitted).  In resolving these two questions, the court must be mindful of whether an alternative remedy exists that could protect the constitutional interests at stake such that implying a damages remedy under *Bivens* may interfere with the powers of Congress.  *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 860-61 (10th Cir. 2016).

With this framework in mind, I consider Officer Parry's challenges below.  For the following reasons, I find no error in extending a *Bivens* remedy to Mr. McCullon's excessive force claim.

### A.    Does Mr. McCullon's Excessive Force Claim Arise in a "New Context"?

Officer Parry argues that Mr. McCullon's excessive force claim is meaningfully different from the Eighth Amendment deliberate indifference *Bivens* claim recognized in *Carlson*.  [#149

at 8].  He argues that several decisions from the District of Colorado and the Tenth Circuit support

his position that Eighth Amendment excessive force claims are not susceptible to an implied

*Bivens* remedy.  *See* [*id.* at 8-10].  According to Officer Parry, it is not enough that Mr. McCullon's

excessive force claim arises under the Eighth Amendment like the deliberate indifference claim in

*Carlson*, and alternative remedies (such as the Federal Torts Claim Act ("FTCA") or the BOP's

administrative grievance procedure) weigh against implying a new *Bivens* remedy for Mr.

McCullon's excessive force claim.  *See* [*id.* at 10].  I respectfully disagree.

To start, the court finds both Tenth Circuit cases on which Officer Parry relies to be

distinguishable in a meaningful way from this matter.  In both *Crosby v. Martin*, 502 F. App'x

733, 734-35 (10th Cir. 2012) and *People v. CCA Detention Centers*, 422 F.3d 1090, 1102 (10th

Cir. 2005), the Tenth Circuit declined to extend a *Bivens* remedy to excessive force claims arising

under the Eighth Amendment.  But the Tenth Circuit did so on the basis that "there is no implied

private right of action for damages under *Bivens* against <u>employees of a private prison</u> for alleged

constitutional deprivations when alternative state or federal causes of action for damages are

available to the plaintiff."  *Peoples*, 422 F.3d at 1101 (emphasis added); *see also Crosby*, 502 F.

App'x at 735 (relying on *Peoples* and *Minneci v. Pollard*, 565 U.S. 118 (2012) to dismiss the

plaintiff's Eight Amendment excessive force claim against <u>private prison guards</u>).  The same is

not true here.  Mr. McCullon sues Officer Parry, a federal employee of the BOP, for the alleged

constitutional violation—the precise scenario *Bivens* meant to address.  *See Carlson*, 446 U.S. at

18 ("*Bivens* established that the victims of a constitutional violation by a <u>federal agent</u> have a right

to recover damages against the official in federal court despite the absence of any statute conferring

such a right."  (emphasis added)).

10

Nor is the court convinced that other decisions from this District establish clear error in extending a *Bivens* remedy to Mr. McCullon's excessive force claims. *See Silva v. United States*, No. 19-CV-02563-CMA-MEH, 2020 WL 7706785, at *5 (D. Colo. Dec. 29, 2020) (concluding Eighth Amendment excessive force claim arose in new context for purposes of *Bivens* remedy); *Abdo v. Balsick*, No. 18-CV-01622-KMT, 2019 WL 6726230, at *6 (D. Colo. Dec. 11, 2019) (same); *Millbrook v. Spitz*, No. 1:18-CV-01962-RM-KMT, 2019 WL 4594275, at *4 (D. Colo. Sept. 23, 2019) (same); *see also Bowman v. Sawyer*, No. 19-CV-1411-WJM-KMT, 2020 WL 6390992, at *1, **4-5 (D. Colo. Nov. 2, 2020) (declining to extend a *Bivens* remedy to Eighth Amendment conditions of confinement claim). While it has utmost respect for all the judicial officers within the District who have passed on this issue, this court is not bound by their respective unpublished decisions. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 904 n.1 (10th Cir. 2015) (noting that unpublished district court opinions provide no precedential value, though they may be persuasive). And other unpublished decisions reflect courts permitting *Bivens* claims to proceed based on alleged Eighth Amendment violations, albeit without passing upon the precise issue before this court. *See, e.g.*, *Peraza v. Martinez*, No. 14-CV-03056-MJW, 2017 WL 11486454, at *2 (D. Colo. Sept. 14, 2017) (denying summary judgment on plaintiff's *Bivens* claims arising under the Eighth Amendment for excessive force and failure to protect). Thus, for the following reasons, I respectfully conclude that a *Bivens* remedy extends to an Eighth Amendment excessive force claim brought against an individual federal actor.

First, it is true that Mr. McCullon's excessive force claim is not identical on all fours to the deliberate indifference claim in *Carlson*. But even in the absence of a Supreme Court, Tenth Circuit, or a published District of Colorado opinion extending a *Bivens* remedy to Eighth Amendment excessive force claims, this alone does not foreclose this court from doing so here.

11

*See Lanuza v. Love*, 899 F.3d 1019, 1026-27 (9th Cir. 2018) (explaining that the Supreme Court in *Ziglar* did not broadly prohibit the extension of a *Bivens* remedy to claims not already recognized under *Bivens* and its progeny, but rather that the court must consider the specific facts and claims presented in making its determination).  Indeed, other Tenth Circuit cases—while not expressly passing on the issue of whether courts may extend *Bivens* to excessive force claims brought by inmates against federal actors—do not preclude such a cause of action.  *See Jones v. Theodoroff*, 104 F. App'x 141, 143 (10th Cir. 2004) (affirming dismissal of a *Bivens* action arising from alleged excessive force brought inmate against federal correctional officers without passing on whether such a claim under *Bivens* is cognizable).  And the Supreme Court implicitly recognized that a prisoner can pursue a *Bivens* claim for failure to protect under the Eighth Amendment if prison officials know that the inmate faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 834-45 (1994).  Similarly, in the context of § 1983 excessive force claims arising under the Fourth Amendment, the Supreme Court implicitly acknowledged the viability of a *Bivens* action.  *See Graham v. Connor*, 490 U.S. 386, 394 n.9 (1989) (in articulating the applicable standard, acknowledging that "[t]he same analysis applies to excessive force claims brought against federal law enforcement and correctional officials under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).").

Next, though mindful of the concerns regarding the separation of powers articulated by the Supreme Court in extending *Bivens* remedies to new contexts, *see Hernandez*, 140 S. Ct. at 742, (discussing the development of *Bivens* jurisprudence and reluctance to create new causes of action), the court disagrees with Officer Parry's suggestion that divergent legal theories or factual scenarios creates meaningful difference between Mr. McCullon's excessive force claim and the

deliberate indifference claim in *Carlson*. *See Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019) ("In arguing plaintiff's *Bivens* claims are 'new,' defendants make much out of factual differences between *Bivens* . . . and this case. Yet at no point do defendants articulate why this case 'differ[s] in a meaningful way' under *Ziglar's* rubric. Jacobs's action presents no such novel circumstances identified in *Ziglar*."). As with *Carlson*, Mr. McCullon's excessive force claim arises under the Eighth Amendment Cruel and Unusual Punishment Clause, *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014), which places strict scrutiny on an inmate's treatment and conditions of confinement and not only requires the provision of adequate medical treatment but also prohibits the use of excessive force, *Contreras on behalf of A.L. v. Dona Ana Cty. Bd. of Cty. Commissioners*, 965 F.3d 1114, 1116-17 (10th Cir. 2020) (Tymkovich, J., concurring). Similarly, the *Farmer* Court articulated the appropriate standard for a *Bivens* claim for an Eighth Amendment conditions of confinement claim based on risks posed to an inmate by other inmates and federal actors' failure to intervene. *See Farmer*, 511 U.S. at 847.

Under either theory of violation of the Eighth Amendment's prohibition of cruel and unusual punishment—deliberate indifference or excessive force—an inmate must establish both an objective and subjective component. *See Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018) (outlining the two prongs of an excessive force claim as requiring a showing that the force "was objectively harmful enough to establish a constitutional violation" and done so "maliciously and sadistically for the very purpose of causing harm[.]"); *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (outlining the two prongs of a deliberate indifference as requiring a showing the defendant was "subjectively aware" of an objectively serious medical need and "recklessly disregarded that risk."). Thus, as with *Carlson*, Mr. McCullon's excessive force claim seeks damages based on the Eighth Amendment's proscription of prisoner mistreatment while within the

13

custody of federal actors.  *See Reid v. United States*, 825 F. App'x 442, 444 (9th Cir. 2020) (finding

no meaningful difference between *Carlson* and the plaintiff's excessive force claim in concluding

that *Bivens* includes an implied right of action for Eighth Amendment excessive force violations).

Contrary to Officer Parry's assertions, this court does not interpret *Ziglar* as precluding

"run-of-the-mill challenges to 'standard law enforcement operations' that fall well within *Bivens*

itself."  *Jacobs*, 915 F.3d at 1038.  *Cf. Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 708 (S.D.N.Y.

2020) (concluding that the plaintiff's Fourth Amendment excessive force claim did not arise in a

"new context" because it was a basic challenge to standard law enforcement operations and there

existed substantial judicial guidance regarding the unconstitutionality of excessive force).  Indeed,

"[a] claim for damages based on individualized mistreatment by rank-and-file federal officers is

exactly what *Bivens* was meant to address," and recognizing an implied *Bivens* remedy for Eighth

Amendment excessive force claims "will not require courts to plow new ground because there is

extensive case law establishing conditions of confinement claims and the standard for

circumstances that constitute cruel and unusual punishment."  *Reid*, 825 F. App'x at 444-45;

*accord Ullery v. Bradley*, 949 F.3d 1282, 1290 (10th Cir. 2020) ("The unnecessary and wanton

infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment";

and "among unnecessary and wanton inflictions of pain are those that are totally without

penological justification."  (internal quotations omitted)).

With this understanding, I find no meaningful difference between the deliberate

indifference claim in *Carlson* and Mr. McCullon's excessive force claim—both arising under the

Eighth Amendment.  In addition, it appears that the Tenth Circuit already recognizes, at least

implicitly, the extension of *Bivens* to a claim of excessive force arising in the Fourth Amendment

context.  *See, e.g.*, *Thomas v. Durastanti,* 607 F.3d 655, 663 (10th Cir. 2010) (considering *Bivens*

excessive force claim arising under the Fourth Amendment against federal Alcohol Firearms and Tobacco agents); *Holland ex rel. Overdorff*, 268 F.3d at 1195; *Serrano v. United States*, 766 F. App'x 561, 565-70 (10th Cir. 2019) (considering whether qualified immunity shielded a deputy United States Marshal from liability on plaintiff's Fourth Amendment excessive force claim brought pursuant to *Bivens*). To find otherwise would allow individual federal officials to escape liability for the alleged unconstitutional use of force, depending on the timing of the act or so long as they provide adequate medical care afterwards—even with dire consequences. The court is not convinced that the Supreme Court, in cautioning against extending *Bivens* remedies to new contexts, intended for such a result.

**B.      Do Special Factors Counsel Against Extending a *Bivens* Remedy to Plaintiff?**

Even if Mr. McCullon's excessive force claim arose in a new context, the court finds no special factors counseling against extending a *Bivens* remedy here. In this regard, Officer Parry argues that alternative remedies exist under the FTCA and the BOP's administrative grievance procedures. *See* [#149 at 11]. I respectfully disagree.

*Administrative Grievance Procedures*. While Mr. McCullon pursued administrative remedies, Officer Parry admits that these procedures do not provide for monetary damages and it seemingly did not yield any relief for Plaintiff. *See* [*id.* at 11]; *see also* [#95 at 24-31]. And as Mr. McCullon argues, [#151 at 7], he challenges an individual "instance[] of . . . law enforcement overreach, which due to [its] very nature [is] difficult to address except by way of damages actions after the fact." *Ziglar*, 137 S. Ct. at 1862. Officer Parry appears to recognize this proposition given his request to have the court dismiss Plaintiff's request for declaratory judgment relating to the use of pepper spray. *See* [#149 at 11-12]. Accordingly, the BOP administrative process standing alone "is not an alternative means (much less an 'adequate' or 'effective' one) for [Mr.

McCullon] to pursue his constitutional claim against a federal officer[.]" *Williams v. Baker*, --- F.

Supp. 3d ----, ----, 2020 WL 5814109, at \*7 (E.D. Cal. 2020) (citing *Corr. Servs. Corp. v. Malesko*,

534 U.S. 61, 70 (2001) (The purpose of *Bivens* is to deter individual federal officers from

committing constitutional violations.")).

> ***FTCA***.   Nor is the court convinced that the FTCA provides an adequate alternative remedy

to preclude a *Bivens* claim based on excessive force in violation of the Eighth Amendment.  The

FTCA provides a federal cause of action against the United States for torts arising under state law

and requires courts to apply the substantive law of the place where the event occurred.  28 U.S.C.

§ 1346(b)(1). As the Tenth Circuit explained, the Supreme Court in *Carlson* rejected such an

assertion because the FTCA imposes liability on the United States, not individual federal actors,

and thus does not have the same deterring effect as a *Bivens* remedy.  *Smith v. United States*, 561

F.3d 1090, 1101 (10th Cir. 2009).  This is because a *Bivens* claim allows for the possibility of

punitive damages and a jury trial—neither of which is available under the FTCA.  *See id.*

> Though not addressing the issue of whether *Bivens* provides an implied right of action for

Eighth Amendment excessive force claims, Justice Sotomayor's recent concurrence in *Brownback*

*v. King*, 141 S. Ct. 740, 2021 WL 726222, at \*7 (2021) (Sotomayor, J., concurring)[4] highlights a

---

[4] Appellee James King brought an action against, *inter alia*, a Federal Bureau of Investigation ("FBI") agent, alleging violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983 and *Bivens*, as well as an FTCA claim against the United States.  *King v. United States*, No. 1:16-CV-343, 2017 WL 6508182, at \*2 (W.D. Mich. Aug. 24, 2017), *rev'd and remanded*, 917 F.3d 409 (6th Cir. 2019), *rev'd sub nom. Brownback v. King*, 141 S. Ct. 740 (2021).  The district court held that § 1983 did not apply to the FBI agent as a federal actor, and qualified immunity precluded his *Bivens* claim for excessive force under the Fourth Amendment.  *See King*, 2017 WL 6508182, at \*6, \*\*9-10.  It also dismissed FTCA claims based on governmental immunity and failure to state a cognizable claim, reasoning that once plaintiff failed to establish a cognizable FTCA claim, it also was divested of subject matter jurisdiction over such claim.  *Id.* at \*15.  On appeal, the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") expressly considered whether the FTCA's judgment bar could apply in the instance where the FTCA claim was dismissed for lack of subject matter jurisdiction and held that it did not.  *See King v. United States*, 917 F.3d 409,

different consideration with respect to the question of whether the FTCA is an adequate alternative remedy to a *Bivens* claim in these circumstances: a potentially meritorious claim may survive under *Bivens* while failing under the FTCA due to a difference in the elements of the applicable legal standards. *See Brownback*, 2021 WL 726222, at \*7 (Sotomayor, J., concurring). Though the recent changes to qualified immunity under Colorado state law, Colo. Rev. Stat. § 13-21-131, do not appear to apply in the context of incarcerated inmates, such change highlights the potential for different outcomes under Colorado state law, applied in the FTCA context, versus federal law, applied to a *Bivens* claim.

Moreover, Officer Parry points to no other alternative remedies (such as habeas corpus relief, state-law tort relief, or equitable relief) that counsel hesitation at extending a *Bivens* remedy to Mr. McCullon's excessive force claim. *See Reid*, 825 F. App'x at 445 (finding no special factors weighed against a *Bivens* remedy for the plaintiff's Eighth Amendment excessive force claim because the defendant failed to identify other alternative remedies). Likewise, Officer Parry offers no other special factors that would suggest that the court should not extend a *Bivens* remedy to Mr. McCullon. *Cf. Hernandez*, 140 S. Ct. at 739 ("Unlike any previously recognized *Bivens* claim, a cross-border shooting claim has foreign relations and national security implications .... Because of the distinctive characteristics of cross-border shooting claims, we refuse to extend *Bivens* into this new field."); *Ziglar*, 137 S. Ct. at 1861 ("National-security policy is the prerogative of the Congress and President .... Judicial inquiry into the national-security realm raises concerns for the

---

419 (6th Cir. 2019) *rev'd sub nom. Brownback v. King*, 141 S. Ct. 740 (2021). The Sixth Circuit also held that plaintiff's excessive force claims properly arose as implied right of action pursuant to *Bivens* and reversed the application of qualified immunity. *Id.* at 433-34. The only issue before the Supreme Court was whether the FTCA's judgment bar could be triggered by a dismissal for failure to state a cognizable claim, when such a finding also divests a district court of subject matter jurisdiction over such claim.

17

separation of powers in trenching on matters committed to the other branches." (internal quotations and citations omitted)).

Beyond the Ninth Circuit's unpublished opinion in *Reid*, this court found no other decision by any court of appeal addressing the precise issue of whether *Bivens* included an implied right of action for excessive force arising under the Eighth Amendment against a federal actor. But this court notes that a number of courts of appeals, including the Tenth Circuit, appear to implicitly recognize such a cause of action, focusing their analysis on defenses such as qualified immunity, *see Hill v. Crum*, 727 F.3d 312 (4th Cir. 2013); whether the evidence amounted to a constitutional violation, *see Burke v. Bowns*, 653 F. App'x 683, 698 (11th Cir. 2016); or whether the defendant personally participated in the alleged constitutional violation, *see McCrudden v. United States*, 763 F. App'x 142, 145 (3d Cir. 2019); or whether the claim was properly exhausted, *see Watkins v. Donnelly*, 551 F. App'x 953, 957 (10th Cir. 2014). Thus, the court concludes that an implied right arising under the Eighth Amendment for excessive force claims is appropriate under *Bivens*.

## III.      Whether the Court Should Dismiss Mr. McCullon's Request for Declaratory Relief

Lastly, Officer Parry requests that the court dismiss Mr. McCullon's request for declaratory relief for lack of subject matter jurisdiction. [#149 at 11-12]. He argues that Mr. McCullon seeks a declaration that Officer Parry violated Plaintiff's constitutional rights in the past, which is insufficient to demonstrate an actual case or controversy for purposes of declaratory judgment. [*Id.*]. Mr. McCullon does not address this contention. For the following reasons, the court concludes it lack subject matter jurisdiction to grant the declaratory relief Plaintiff requests.

The Declaratory Judgment Act provides that courts "may declare the rights and other legal relations of any interested party seeking such declaration" in "a case of actual controversy[.]" 28 U.S.C. § 2201(a). But, "in the context of an action for declaratory relief, a plaintiff must be seeking

more than a retrospective opinion that he was wrongly harmed by the defendant." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011). That is, for purposes of the court's subject matter jurisdiction, "[a] claim for declaratory relief that does not settle some dispute which affects the behavior of the defendant toward the plaintiff is moot." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (ellipsis, quotations, and brackets omitted). And mootness is a threshold jurisdictional issue that courts may address at any time. *See Ind v. Colo. Dep't of Corrs.*, 801 F.3d 1209, 1213 (10th Cir. 2015).

Officer Parry is correct that Plaintiff requests a declaration that Officer Parry's past acts violated Plaintiff's constitutional rights. [#1 at 13]. But "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012) (internal quotations omitted). Indeed, for purposes of declaratory relief, "mere satisfaction of a declaration [Mr. McCullon] was wronged" is insufficient to establish a live case or controversy. *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 548-49 (10th Cir. 1997). Without any suggestion that the declaratory relief would have some effect on Officer Parry's conduct toward Mr. McCullon, I conclude Mr. McCullon's request for retrospective declaratory relief is moot. *See Shepard v. Rangel*, No. 12-CV-01108-RM-KLM, 2014 WL 7366662, at *12 (D. Colo. Dec. 24, 2014) (concluding that the plaintiff's request for declaratory relief was moot because the plaintiff sought a retrospective opinion that the individual defendants wronged the plaintiff in the past). Mr. McCullon's request for declaratory relief is thus **DISMISSED as moot**, leaving his demand for monetary damages.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

19

(1)     Defendant's Motion to Reconsider [#149] is **GRANTED IN PART** only as to Mr.

McCullon's request for declaratory relief and **DENIED** in all other respects.


DATED:  March 9, 2021                                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

20